**Pages 1 - 35**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Trina L. Thompson, Judge

REDDIT, INC., )
)
Plaintiff, )
)
VS. ) **NO. 3:25-CV-05643-TLT**
)
ANTHROPIC PBC, )
)
Defendant. )
)

San Francisco, California
Tuesday, March 24, 2026

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:
QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
**BY: MORGAN W. TOVEY, ATTORNEY AT LAW**
**KELSEY FALKENBERG, ATTORNEY AT LAW**

QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
295 5th Avenue
New York, NY 10016
**BY: RICHARD C. WORCHESTER, ATTORNEY AT LAW**

For Defendant:
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105
**BY: RAGESH K. TANGRI, ATTORNEY AT LAW**

REPORTED REMOTELY BY: Stephen W. Franklin, RMR, CRR, CPE
Official United States Reporter

**Tuesday - March 24, 2026** **2:23 p.m.**

**P R O C E E D I N G S**

---o0o---

**THE COURTROOM DEPUTY:** Now calling case number 25-CV-05643, Reddit, Incorporated versus Anthropic PBC. Counsel, please come forward and state your appearances beginning with the plaintiff.

**THE COURT:** And take your time and make sure that whoever is approaching the podium, that be reminded to speak into the microphone. No rush, but once you're there, please be mindful.

**MR. TOVEY:** Good afternoon, Your Honor. Morgan Tovey for plaintiff Reddit.

**THE COURT:** Thank you. Good afternoon.

**MR. WORCHESTER:** Good afternoon, Your Honor.

**THE COURT:** And your appearance?

**MR. WORCHESTER:** Corey Worchester from Quinn Emanuel on behalf of Reddit, Your Honor.

**THE COURT:** Pleasure.

**MS. FALKENBERG:** Good afternoon, Your Honor. Kelsey Falkenberg on behalf of plaintiff Reddit.

**THE COURT:** Good afternoon.

**MR. TANGRI:** Good afternoon, Your Honor. Ragesh Tangri, Morrison & Foerster, on behalf of defendant Anthropic.

**THE COURT:** Good afternoon. Pleasure to see you.

**MR. TANGRI:** Thank you.

In-house counsel from Anthropic, Paul Johnson, is also here.

**THE COURT:** Thank you.

All right. Counsel, I apologize for all of the excitement that occurred after I issued a tentative order, and it was very clearly marked tentative, but at least you know where my focus is when I look at the two-prong test and the second prong and whether this is a case that should be remanded in terms of the Copyright Act. So since you pretty much know where, as I say, the rub is, I think we should start there.

I'm glad to see counsel, because I believe when we last had this on calendar there was some inclement weather and some challenges, and so I'm glad everybody was able to travel safe.

So with that in mind, counsel for Reddit, since you already have an idea of the Court's assessment, you may begin.

**MR. WORCHESTER:** Thank you, Your Honor.

Well, it goes without saying that first I'd like to thank everyone for the accommodation with the weather. It was my problem last time, and opposing counsel was extremely accommodating. Much more so, I will say, than my own client was when the same thing happened to another law firm a week later. So I'd like to thank you all for that.

Second, Your Honor, we did see the tentative, and obviously it goes without saying we agree with it and we think

that if you have specific questions I am happy to address them. Otherwise, what I'd like to do is start with just a couple of broad points.

The first broad point is obviously the federal courts are courts of limited jurisdiction, and the Ninth Circuit has been very clear that remand is -- that motions to remove are disfavored and remand is the norm. In fact, you didn't even get into this in your tentative, but if there's any doubt -- and the any-doubt standard is the one that the Ninth Circuit uses -- if there's any doubt about whether or not the case belongs in federal court, then the correct procedure is to remand it to state court. So we don't have to even convince you than we belong in state court. All we have to do is convince you there's some doubt about whether or not we belong in state court.

The second thing I'd like to address, Your Honor, is in the tentative you started by saying: After reviewing the parties' brief, the relevant legal authority and the pleadings, the Court tentatively finds that while Reddit's content at issue may fall within the broad subject of copyright, none of the asserted causes of action seeks to vindicate rights equivalent to those protected by copyright.

So the first test, does the content fall within the broad subject matter of copyright? And I'd like to use the word "may". I'd like to put a finer point on that and note that

there are three different types of material on the Reddit website that folks use. I don't know if you're a Reddit user, Your Honor, but there's three different types.

The first and most obvious type is material posted by users which the users own the copyright. The second less obvious type is the structure of the website, things like the Reddit subforums. They're called subreddits. Again, I don't know if you're a user. The subreddits, the uploading system, the way that comments are grouped together, and it's these very things that Anthropic said were the value, the value in using Reddit as one of the sources to train its model. There is no copyright over those sorts of things. And then the third type, which is a very small type, is Reddit posts on Reddit itself on occasion. Reddit probably does have a copyright interest in those posts. So I want to just keep in mind that there are three types of materials: Things to which the users own the copyright, a very small amount to which Reddit owns the copyright, and then what we'll call the structure of Reddit, the uploading system, the subreddits, the things of that nature. And it's the things of those nature that have been pointed out in the complaint that are really what make Reddit so valuable to groups like Anthropic, or OpenAI, or to Google, who are trying to put together their artificial intelligence system. Because one of the things you want to do when you're training your artificial intelligence model is you want to have

what's called good data. You don't --

**THE COURT:** How is that good data collected?

**MR. WORCHESTER:** So what happens is you can imagine that we take every term paper ever written by a freshman in English and we submit it into OpenAI or into Anthropic and it internalizes that. But it's very difficult to parse which of these term papers is useful, productive, helpful. One of the reasons that the systems like Reddit is the uploading and moving comments to the top. It tells you what other actual human beings found helpful. And the reason that you want to train your AI on information like that is that you want the AI to be helpful to human beings. So the structure that's put in place that moves the best comments to the top and the worst comments to the bottom is one of the things that's really useful to the AI product, and that's something that Anthropic itself acknowledged, and we cited in the complaint the articles that they acknowledge that in as the reason they picked 50 very active subreddits among the most popular subreddits on Reddit, where thousands and thousands of people go every day and vote, and they use those subreddits to train, and they, themselves called it good data. So I want to note that, because that type of structure is one of the things that is not copyrightable, and that's what Anthropic found valuable.

And that brings me to the second point, which is the second part of the test. What is the case about? What are

their extra elements here?

That structure that Reddit created is what Reddit is trying to stop Anthropic from using. It doesn't get the benefit of the structure it doesn't create. And I think about this as imagine a world in which the only books Anthropic had access to were in a bookstore, and they said isn't it really helpful that all the history books are in one section and all the romance novels are in another section. And if they went in during the daytime they might be able to look at all those books, but what they absolutely cannot do is break the window at nighttime and go in, right? The store's structure is protected by certain guardrails.

Reddit's structure is protected by a user agreement, and we allege both that Anthropic had constructive knowledge of it -- which I think is obvious on its face. Virtually everyone knows that websites of this sort have user agreements. Anthropic itself has a user agreement. But we also allege that they had actual knowledge, certainly as of May 2024 when we sent them a cease and desist letter and told them that they were violating the user agreement and then continued to go on and scrape after that.

I'll also note, although it's not in the complaint, that Anthropic has a Reddit account. Claude AI has a Reddit account. Numerous Anthropic employees have Reddit accounts. So the actual knowledge of the agreement I think is fairly

obvious here. And when you look at the agreement, which I'm sure Your Honor did -- Section 3 and Section 7 are the ones that got the most attention on the briefing -- if you look at them they contain restrictions on use, they contain restrictions on access and they contain restrictions on scraping. These are all things that the Ninth Circuit has addressed repeatedly, and the Ninth Circuit has said that when you have a contract case, typically that is going to fall outside of the copyright laws. Not always, not always, but typically. And the reason it typically falls out is that the bilateral agreement between the parties creates a different, qualitatively different, element. And here we have a bilateral agreement where Anthropic said, I would like to access your content, Reddit, and Reddit said, okay, you can do so, but only on these terms, and it's the access and the use that are the terms that were violated.

And if I can draw a distinction here. If you look at the trespass for chattel claim, which Anthropic itself concedes is not subject to the copyright laws, and you look at their brief at page 15, they acknowledge that there's a common nucleus of operative facts between the trespass for chattel claim and all of the other claims. The exact same facts about trespass and access are the same facts that underlie the contract claim, the unjust enrichment claim, the tortious interference claim, and that's something that is acknowledged by Anthropic itself at

page 15 of its brief.

Now, I want to differentiate that case. I, myself, am a Reddit user, and at the risk of doxxing myself, I'll say that I'm active in the pride and prejudice forum. I enjoy going on and talking about 18th century rule of perpetuities law and whether or not the Bennett sisters should have been allowed at Longbourn.

**THE COURT:** I had a moment flashing me back to my law school days.

**MR. WORCHESTER:** It's the only way I can keep up on the rule of perpetuities.

And so I'm an active poster in the pride and prejudice forum. I could, if I wanted, go on, type out every post of the past 24 hours myself, because I'm allowed to have access, I am not scraping, and I could then use those posts and make a blog about them, right? All of that would be allowed by Section 3 and Section 7. What I can't do is violate my agreement with Reddit by gaining access and then scraping everything that has ever been said in that forum. That's not allowed.

So it's an access term. It's not just about copying. I would be allowed to copy if I typed it out by myself. It's the particular type of copying that's being done, which is being done by scraping. And we discuss that in the complaint a little bit, and we note the burden on the system, we note the increased cost for Reddit, and we note how it impacts user

experience. And we also note in the complaint one other thing, that Reddit has an agreement with its users to try to protect their privacy and to protect their content, and Reddit does that by when it gives a license to somebody, it asks them to delete from its own system any comments made by a Reddit user that the Reddit user itself deletes. If someone takes the content and puts it into their AI training module, Reddit can no long door that. They are not getting the updates from Reddit when information is deleted, and there's no way to know whether or not the user rights are being protected.

Again, this is different than a copyright claim. This is protecting user data. This is the structure of the system, the contract that Anthropic agreed to and the method of access and use.

I could go on, Your Honor, but I'm happy to stop there and save some time.

**THE COURT:** All right. I'd like to give counsel for Anthropic plenty of time to respond, particularly since counsel's already aware of those areas in which I have concern and who owns the property on Reddit. As counsel said there's three tiers, and does that in any way impact the copyright preemption analysis.

**MR. TANGRI:** Sure, Your Honor.

The short answer to that first question you just asked is I think, no, it doesn't. The first prong of the analysis is

whether the allegedly copied material falls within the broad subject matter of the Copyright Act. That's different from whether it's material that is actually copyrighted by the plaintiff in this case and so whether they can sue on it, and it's different from whether someone else owns the copyright on it, so the plaintiff can't sue on it, and it's different from whether it's not actually copyrightable at all. So long as it falls within the broad subject matter of copyright, it is the first prong of the preemption inquiry is satisfied.

**THE COURT:** So as you know, the Court is most concerned about --

**MS. FALKENBERG:** Prong 2.

**THE COURT:** Prong 2.

**MR. TANGRI:** And I was going to start with prong 2 until I heard the first thing you said before I started. So I'll limit my prong 1 to that for now. If you have other questions, I'm happy to --

**THE COURT:** I just wanted your succinct answer on that part. Thank you.

**MR. TANGRI:** Okay. So I tried that. And I will, as I said, if you have others on prong 1 I'll -- I'm happy to come back to it, but otherwise I'll do what I was planning to do and go straight to prong 2.

And as the Court knows, the key inquiry on prong 2 is whether the claims require an extra element, but not just any

extra element. It has to be an extra element that changes the nature of the rights protected or the action so that it is qualitatively different, qualitatively different to the rights protected by copyright law. Put another way, the key is to determine the gravamen of the state law claim, something we're all familiar with as a concept, and that is a fact-specific inquiry into the actual allegations of the complaint.

And here, Your Honor, we submit that there's really no dispute that the gist of Reddit's complaint is the allegation that Anthropic copied and downloaded a vast amount of Reddit's content or content that is hosted on Reddit and used that copied content to train Anthropic's models to its great advantage, and Reddit says, without paying us what we would like to have charged you for it, and therefore to our disadvantage. That is the gist of their complaint, and those allegations are routinely brought against companies in this space and other spaces by companies like Reddit as copyright actions. And the reason they haven't done that, the reason they've done it as a state law claim, or tried to do it as a series of state law claims here, is because, as you heard, they don't own the copyright to the vast majority of this stuff, and so they can't do it, and so they can't get money on it. But because those claims are not fundamentally different from and they don't change the nature of the allegations from what's brought in copyright law, they are preempted.

I'll start with the breach of contract claim. The breach of contract claim alleges a breach of Section 7 of the user agreement for scraping. That's the first thing it alleges, and then it alleges a breach of Section 3, using that material for commercial purposes.

Scraping is defined in the complaint in paragraph 39 of the complaint as copying and downloading that data. Those are rights protected by the Copyright Act. Indeed, it's one of the core set of rights in the Copyright Act. Section 106 of the Copyright Act grants the copyright holder the exclusive right to reproduce and distribute copies.

And Section 3 alleges that~-- the breach of Section 3 that's alleged is using that copied and downloaded or reproduced material for commercial gain. And as numerous courts have pointed out, commercial gain does not fundamentally change the nature of an action from a copyright action, because commercial gain is a core part of what copyright law protects. That's the *Sony versus Universal* case in the Supreme Court that says every commercial use of copyrighted material is presumptively an unfair exploitation of the monopoly privilege.

The *Laws versus Sony* case, which says the additional element of commercial purpose does not change the underlying nature of the action, and other cases that we have cited.

**THE COURT:** So what about the terms of the user agreement? Should the Court find that Anthropic and Reddit are

contractually bound to each other based on Reddit's user agreement? And, if so, what impact does that have on extra elements?

**MR. TANGRI:** So I'm going to try to take what I think the Court's question may being first and then try to say a little more about it.

**THE COURT:** Okay.

**MR. TANGRI:** The fact of a promise, or a bargain or the allegation in this case, because it's not a fact, it's an allegation of a bargain, has been held by courts in this circuit not to be enough by itself to supply the extra element. There are some cases in other circuits that hold that it does, but there are cases in this circuit that hold that it doesn't, and that that's fundamentally because it would prove too much. It would take literally every breach of contract claim out of the copyright creation, because every breach of contract claim is founded upon the allegation of a bargain between the copyright plaintiff and the accused breacher or infringer.

So for that reason, the better reasoned decision we submit from the courts in this circuit have rejected that element of a bargain as being enough to transform the fundamental nature of the claim standing alone, and Judge Murillo's decision from the Central District in the *Rumble* case is a good example of that.

So what courts look for in the contract context is usually an allegation of something beyond, I agree not to copy. And so

cases that have an element that says where the alleged contract says, I agree not to copy, and if I do, I will pay you for what I have used, if that term and agreement to pay is part of the contract, courts find that there that promise to pay can supply an extra element.

No promise to pay is alleged as part of this user agreement, and the Court can review the user agreement at its leisure and you will find none. They do not even claim it's there.

**THE COURT:** I want to mention two cases that are giving me pause out of the Northern District, *Craigslist, Incorporated versus Autoposterpro, Incorporated,* which I believe was decided in 2009, *Yu*, Y-u, *versus Bytedance, Incorporated*, 23-CV-03503 by Judge Illston in 2023.

**MR. TANGRI:** Sure, Your Honor.

**THE COURT:** Do those cases have any bearing on the Court's decision?

And then finally, *Best Carpet Values, Incorporated versus Google*, a Ninth Circuit case decided in 2024.

**MR. TANGRI:** Sure, Your Honor.

So the Craigslist case, I think the defendant's name is a funny thing to read, but I think it would be read as *Autoposterpro*. And the reason I say that is not to haggle over pronunciation, but because that pronunciation actually explains why that case is irrelevant. The conduct alleged in that case

that took that case out of the scope of copyright preemption, that qualitatively different extra element was because the conduct being complained of was not the copying of Craigslist material, but rather writing a utility that allowed the automatic posting of material to Craigslist in violation, allegedly violation of the Craigslist terms of service. So it was affirmatively posting information to Craigslist that was at issue in that case and that took that case out of the scope of copyright.

Likewise, in the *Yu versus Bytedance* case that Your Honor referred to, there was an element alleged that some of the copying conduct there, the claims based on that were found to be preempted. The claim that was found not to be preempted was an unfair businesses practice or unfair competition claim in which the defendant used copied material essentially to inflate its engagement metrics, inflate its numbers, if you will, and thereby defraud investors. And the Court found that that use was a different use than what the Copyright Act was concerned about, and it fundamentally changed the case.

Here the alleged claim is that we copied their material and downloaded it and used it ourselves, and that is part of the core of what the Copyright Act protects.

The *Best Carpet Values* case, Your Honor, states the two-part test and we think supports the claims -- the claim of preemption here, and I'm happy to say more about that if you'd

like, but I think it is a case that we have cited and I think they have attempted to distinguish. But, and in fact, that case comes up most clearly I think in the context of the unjust enrichment claim that I'll turn to next, unless Your Honor has other questions on the breach of contract claim.

**THE COURT:** No, you can move to that, and then the trespass to chattels.

**MR. TANGRI:** Sure, Your Honor.

On the unjust enrichment claim, again, I think there's no dispute between the parties that unjust enrichment claims can be preempted. We cited in our papers a number of cases that found unjust enrichment claims were preempted. Reddit came back and said, oh, no, no, no, we agree that those were preempted, but those were implied in law contract claims, and we, say Reddit in their reply papers, we are bringing an implied in fact claim as the basis for an unjust enrichment claim. Respectfully, that's an 11th hour about-face that is not supported by their pleading. Their complaint pleads an implied in law unjust enrichment claim, it does not plead an implied in fact unjust enrichment claim.

An implied in law unjust enrichment claim is actually a pure unjust enrichment claim. It's based on the benefit received in the absence of any contract at all, and it seeks restitution of that benefit on the theory that it would be unjust for the defendant to retain it. And the clearest

statement of that that I can point Your Honor to in short form is (indiscernible) 375.

That's what they pled. They styled it as unjust enrichment, not breach of implied in fact contract. They pled it in the alternative, because such a claim is pled in the absence of a contract. What we say, I think I have a contract with you, but if my contract claim fails for some reason and if the Court finds there is no contract, then I have this equitable implied in law unjust enrichment claim. And to confirm that you could look at paragraph 71, paragraph 71 of their complaint which alleges their damages from their alleged losses. That's their contract prayer versus 74, which seeks restitution from Anthropic of its unjust enrichment. That's their unjust enrichment prayer. Very different. An implied in fact contract claim, as Your Honor is familiar with, is the same as an express contract claim. The only difference is that with an express contract claim acceptance is manifest by words, written or spoken, and in an implied in fact contract claim acceptance is manifested by conduct.

Their breach of contract claim, Claim 1 is actually an implied in fact contract claim already, because how do they allege that we assented to their user agreement? By going on their website. They don't allege that we wrote them an e-mail and said "yes," or signed the contract or anything of the sort. It's a straightforward browse wrap. If you come onto this

website it's like a parking garage. You park in this garage you accept this waiver of liability and you agree that we have no responsibility for someone breaking into your car. You park in the garage. That's your conduct. That's the signal that you've accepted that contract. And that's the contract claim that they've pled here is their breach of contract claim. Their unjust enrichment claim is different from that. And *Best Carpet Values* is one of the cases that holds that the implied in law true unjust enrichment claims can be preempted.

We are not, and we did not, we have never alleged that the trespass to chattels claim is preempted. It is predicated solely on the allegation that by crawling and scraping the website as we did we slowed down the operation of the website and interfered with its use. We think that's disprovable on the merits, but we do not allege that those facts standing alone are preempted by the Copyright Act. We do say that they are related to, they arise from part of the same nucleus of facts as the rest of Reddit's complaint, because the rest of Reddit's complaint says, having done that thing, we now allege that you went on to copy and download material and use it to your advantage without compensating us. And that's where the copyright preemption comes in, because those are core copyright concepts, and the rest of Reddit's claims are not fundamentally different from that.

When they limit themselves only to the trespass

allegations, then they do not reach into the Copyright Act and get preemption, but that is still a subset of the broader (indiscernible).

Briefly on tortious interference, Your Honor. Briefly on tortious interference, their claim is also preempted there because they cannot, again, identify an extra element that transforms the nature of the claim beyond one from copyright infringement for copying materials posted by a user. The argument from Reddit that you heard today, and it's in their papers, is that they are protecting the privacy interests of their users and that they have a contractual obligation to their users to protect their privacy in some specific way, and that our, Anthropic's, conduct was interfering with their performance of that obligation.

The problem with that argument, Your Honor, is that you can scour the complaint in vain for a reference to a specific provision in the user agreement, and you can scour the user agreement in vain for a specific provision in which Reddit promises its users that no third party will ever come along and download their material. It makes no such promise. Reddit does not promise its users that they will cause anyone who downloads content from Reddit to delete that information. It makes no such promise.

**THE COURT:** So what about the knowing and intentional disruption of contractual relationships between Reddit and its

users? That seems to be a theme, as well, in that Reddit feels that they've established their burden to demonstrate that Anthropic knowingly and intentionally disrupted their contractual relationship with their users.

**MR. TANGRI:** Well, the first thing I would say, again, Your Honor, is in order to make that out they have to point to a contractual provision that we could plausibly be said to have disrupted, and they haven't done it. So before we get to knowingly and intentionally, which I will come to in a moment, but before we get to that, there is no provision in which they promise their users that no one will download their users' materials. There is no provision in which they promise their users that a third party who has downloaded the user's material will delete it upon request. Reddit makes certain promises about what Reddit will do if a user asks something -- for something to be deleted, but they do not make promises about what anyone else will do or guarantee that it will be effective. And in fact what they warn their users is Reddit is a public platform, and users should take that into consideration before posting. That's from their privacy policy.

The intent element is not transformative and does not qualitatively change the right being enforced, and the *Media.net Advertising* case, 156 F.Supp.3d 1073, so holds.

Unless the Court has further questions, I will stand down.

**THE COURT:** Thank you.

All right. Counsel, your response to what could be considered a persuasive argument to the contrary of the Court's tentative.

**MR. WORCHESTER:** Sure. I'd like to start with the last point just because it's fresh in my mind.

I think there's a little bit of a misunderstanding when counsel says that Reddit did not plead anything about the privacy rights, and he says specifically a specific provision that Reddit will not -- will stop a third party from downloading your data. Well, first of all it's a breach of contract claim. It's not being pled with particularity. I don't think we're under an obligation to plead the specific provision. However, however, we did. We specifically mentioned the privacy policy which is incorporated in the contract. I don't think we had an obligation to mention it, but we did mention it.

But there's a sleight of hand that's going on with specifically defining what it is we didn't mention as we didn't say we would protect you from a third party violating your rights. I've read a lot of agreements in my career, Your Honor, and I suspect you've read at least as many, if not more. I don't think I've ever seen a provision like that in an agreement. That's not what you say to create a tortious interference right. What you say is, I will do "X". I will

protect your privacy. Then if somebody else violates the privacy, that's where the tortious interference arises from.

So to some extent I think counsel's standing the tortious interference claim on its head and attempting to create a strawman which could then be knocked down. And I respectfully submit, Your Honor, we identified the privacy agreement. We said what's in it. If he thinks he can beat it on the merits perhaps he can, and we'll argue that at the motion to dismiss stage, but that's not the question today on a motion to remand.

I'll go to the trespass to chattels for a second also, because I'm sort of taking these in reverse order, if you will.

**THE COURT:** That's actually perfect.

**MR. WORCHESTER:** So on the trespass to chattels. As I preview, in fact, Anthropic does agree with me, they concede the trespass to chattels claim does not fall within the copyright laws. They also conceded at the podium, as you heard, that it arises from the same common nucleus of facts, and they added some extra and said, well, but then the breach of contract goes on and does other things, and those other things maybe fall within the copyright. But again, respectfully, that's not the test. The test isn't do all elements match up. The test is, is there an extra qualitative element here that doesn't fall within the Copyright Act, and the qualitative element is the going around the protections laid out in the contract to get at the data.

Reddit has the ability to say under what terms you can access its site, and if you violate those terms you can be sued for refusing to respect that right of access.

And this goes to one of the first points, and we raised this issue in our briefing because we were accused in the initial brief, we were accused in the opposition brief of saying that the Ninth Circuit says that all breach of contract cases fall outside the Copyright Act. That's not what we said. That's not what I said at the podium earlier. What is true is most breach of contract cases fall outside the Copyright Act, and it is very common, even in cases like this involving terms of access, for courts to say those terms of access are the extra element. It goes without saying that almost every case involving an attempt to remove from state court because of some sort of copying has some elements that on its face looks like maybe possibly if you sniff it right would be a copyright claim. Otherwise, what would we even be arguing about? The question is, is there something extra that turns this situation into something other than a copyright claim, and I'd like to look at some of the cases that we cited in our brief, many of them from the Ninth Circuit or the district courts here in California, and see what they have to say on exactly this point.

And I'll start with the *Altera* case. This is *Altera Corp. versus Clear Logic*, 424 F.3d 1079. It's a 2005 case from the

Ninth Circuit. It says: If a state law claim includes an extra element that makes the right asserted qualitatively different from those protected under the Copyright Act, the state law claim is not preempted. Most courts have held that the Copyright Act does not preempt the enforcement of contractual rights, and it gives some citations which I'll skip over.

In *ProCD*, the Second Circuit considered a situation similar to the circumstances of this case. A consumer purchased ProCD software and used it, used it in a manner contrary to the terms of the shrink wrap license. So a use case involving a shrink wrap license, just like here. He put the information on a website and made it available, so he copied it and published it -- so if you sniff it it looks like a copyright claim -- on a website and made it available to companies at a fee lower than ProCD's rate, although the terms of the license allowed only for private use.

Likewise, *Altera's* customers used software to create a bit stream, which is essentially information, and provide that information to Clear Logic, despite the terms of the agreement that restrict the customers to using that information for programming. The right at issue is not the reproduction of the software, as Clear Logic argues, but is more appropriately characterized as the use of bit stream. And then it goes on to discuss an Eighth Circuit case with a similar holding.

You mentioned *Craigslist versus Autoposterpro*, Your Honor. In that case the Court ruled -- and that was a Northern District of California case -- here plaintiff's state law claims are not within the subject matter of the Copyright Act and do not assert rights that are equivalent to the rights protected under the act because each has an extra element. Plaintiff's claims for breach of contract, including breach of contract, intentional interference with contractual relations and fraud, are all predicated on the Hussain's breach of the Craigslist terms of use or his representations that he would comply with the terms of use. Exactly the kinds of claims we have at issue here. These claims are not predicated on a work of authorship, and each requires the existence of a contract between the parties where a misrepresentation regarding the TOUs by Hussain, which provide qualitatively different elements from copyright.

The TOUs contained extra obligations beyond those imposed by the Copyright Act. For example, the Craigslist users, including defendants, are not to post listings on behalf of third parties, post outside of their designated geographic areas, or in more than one category use automated posting devices or send unsolicited e-mails. These state law claims are therefore not preempted.

So it's the type of use. Now, you could argue all those things are about posting. You could say, that's copying,

that's posting, that's copyright, but the terms of use get to define between the two parties who agreed to them how you do that posting. The Copyright Act, it is often said, is a floor. It provides a level of protection below which the states aren't going to be allowed to drop, but parties can bilaterally agree amongst themselves to enhance the protections.

I want to point out a different Craigslist case. Craigslist apparently spends a lot of time litigating this issue. This is *Craigslist versus 3Taps*, and it's 942 F.Supp.2d 962, also a Northern District of California case. This one by Judge Breyer. Judge Breyer wrote: This case does not present the sort of bare substitute for copyright protection discussed in Cabifi (phonetic). The essence of Craigslist's breach of contract claim is that PadMapper and other defendants breached provisions of the terms of use governing access and permissible uses of Craigslist's website. Breached the terms of use regarding excess and use.

Now, the way they breached it was of course by copying, but Craigslist gets to define its terms of use, and the Court goes on to say: If Craigslist alleged a breach of contract based solely on the reproduction of copyrighted content, the claim might be preempted.

And if you looked at the cases cited by Anthropic in their motion papers, most of the cases coming out their way, if not all of them, are cases that literally follow the copyright

statute and say you cannot copy and publish. They don't have the other elements regarding access and terms of use.

If I can give a couple more cases, because I think it's an important point. This is from the Ninth Circuit. It's *MDY Industries versus Blizzard*, and it's a 2010 case. In that case the Ninth Circuit wrote: Here terms of use Section 4 contains certain restrictions that are grounded in Blizzard's exclusive rights of copyright and other restrictions that are not. Some of them are copyright, some of them are not copyright.

For instance, terms of use Section 4D forbids creation of derivative works based on World of Warcraft without Blizzard's content. A player who violates this prohibition would exceed the scope of her license and violate one of Blizzard's exclusive rights under the Copyright Act. So that would be a copyright claim.

In contrast, terms of use Section 4C2 prohibits a player's disruption of another player's game experience. A player might violate this prohibition while playing the game by harassing another player. Although this conduct may violate the contractual covenants with Blizzard, it would not violate the exclusive copyrights, and it goes on to say, more importantly to our case: The antibot provisions at issue in this case, terms of use Section 4B2 and '3, are similarly covenants rather than conditions. A Glider user violates the covenants with Blizzard, but does not thereby commit copyright infringement

because Glider does not infringe any of Blizzard's exclusive rights.

And this goes to the Pride and Prejudice analogy I was making earlier. They could copy it all by hand if they wanted to. It's terms of use about how they do it that they're violating, right? It's you can't do the bots if the contract says you can't do the bots.

If I could just read briefly two more cases, Your Honor. One is the *ProCD* case that was mentioned, mentioned by the Ninth Circuit, and it's a Seventh Circuit case where Judge Easterbrook wrote the opinion, and he discusses the Supreme Court's view of contract cases in the remand context. He says: Although Congress possesses power to preempt even the enforcement of contracts about intellectual property, courts usually read preemption clauses to leave private contracts unaffected. Does such a law preempt the law of contracts so that for example an air carrier need not honor a quoted price? Here he's discussing the Supreme Court's decision in the *American Airlines versus Wolens* case, and he says: Does such a law preempt the law of contracts so that, for example, an air carrier need not honor a quoted price? The Court allowed that it is possible to read the statute that broadly but thought such an interpretation would make little sense. Terms and conditions offered by contract reflect private ordering, essential to the efficiency of functioning markets, 513 U.S. --

and there wasn't a cite yet, so 115 Supreme Court, at page 24.

**THE WITNESS:** Although some principles that carry the name of contract law are designed to defeat rather than implement consensual transactions, the rules that respect private choice are not preempted by a clause such as 1305(a)(1). And Judge Easterbrook went on to say: Just as Section 301(a) does not itself interfere with private transactions in intellectual property, so it does not prevent states from respecting those transactions. Like the Supreme Court in *Wolens*, we think it prudent to refrain from adopting a rule that anything with the label of contract is necessarily outside the preemption clause. And that's what I was saying, not every contract is outside the preemption clause. The variations and possibilities are too numerous to foresee.

*National Car Rental* likewise recognizes the possibility that some applications of the law of contract could interfere with the attainment of national objectives, but, but general enforcement of shrink wrap licenses of the kind before us does not create such (indiscernible). And you saw that in all the Ninth Circuit cases I just went through a moment ago, most of which involved terms of use on websites to prevent things like bot scraping and like copying or publishing in particular circumstances.

And the last case I'd like to read Your Honor is *Cvent versus Eventbrite*. It's from the Eastern District of Virginia.

But there the Court said: A breach of contract claim premised upon the terms of use of Cvent's website is qualitatively different from a claim for copyright infringement under the Copyright Act and therefore is not preempted. Moreover, as explained below with respect to plaintiff's -- we can skip the conspiracy claim.

But that's the point I wanted to make, Your Honor, is this was portrayed as an outlier opinion that in the modern world of shrink wrap use doesn't happen. In case, after case, after case courts in the Ninth Circuit and elsewhere have said you've got a website, it has terms of use, and you have to honor them. And even if some part of the claim relates to the Copyright Act if there are other parts that are qualitatively different, the one extra element that the Ninth Circuit asks for, then we're outside the Copyright Act and the appropriate thing to do is to remand.

And remember what I started by saying, Your Honor? I don't need to convince you that I'm right. That's not by burden of proof. I only have to convince you that there's any doubt whatsoever. The Ninth Circuit's standard on remand is an any doubt standard, and if you have any doubt in your mind about whether these are preempted or not, then the right thing to do is to send the case back to state court.

Thank you, Your Honor.

**THE COURT:** Thank you.

All right. final word.

**MR. TANGRI:** Thank you, Your Honor.

I think the one thing we agree on at least verbally is the inquiry that the Court should apply on step 2, and it's that it does not -- not that the allegations or the claims have any difference from a copyright claim or an element that is additional to or different from a copyright element, but whether the allegedly different element changes the nature of the action so that the nature of the action is qualitatively different than the rights protected by copyright. Or put another way, that the gravamen of the state law claim is different.

And here what you heard is that it's an access restriction that makes the difference, and that in turn gets us, Your Honor, to their argument, and this is laid out in their complaint, paragraphs 64 to 71, which I know the Court has reviewed and I'm hoping will review again, which makes clear that what they are worried about is not access standing alone, but using that access to copy and download, using that access to scrape, which is copying and downloading. And indeed, Section 7 of their user agreement, which is what they reference in their complaint as one of the two breached sections of their user agreement, allows, as counsel has indicated, access. It allows more than just what counsel has discussed, which is reading it. It allows bots on the site and it allows scrolling

of the site where it --

**THE COURT:** Does it allow bot scraping?

**MR. TANGRI:** No, that's what it doesn't allow. You're absolutely right, Your Honor. Where it draws the line is scraping. What is scraping? Paragraph 39 tells us that scraping is copying and downloading.

And there are cases that say, well, when your contract and copying and downloading, put in the next piece of the puzzle, copying and downloading is obviously what the Copyright Act protects, right? Or protects against. The Copyright Act protects against unauthorized copying and downloading, reproduction and distribution, Section 106. And what the cases hold is that when what your contract claim is is at bottom don't violate the Copyright Act, even if it's a, I hereby promise not to violate the Copyright Act, that's not enough, there has to be more. And I would point the Court to the *United Fabrics* case which is cited in our papers and the *Experexchange* case which is also cited in our papers. Both of those decisions make that point I think very clearly.

**THE COURT:** And the Court doesn't have to make any distinction from your point of view between a user and the content that's owned by Reddit? User owned versus Reddit owned.

**MR. TANGRI:** I think for these purposes -- I agree with -- for these purposes I think that's right, Your Honor.

For purposes of the preemption inquiry the question is whether the allegedly copied material or the material at issue falls within the broad subject matter of copyright, not whether it is actually copyrightable or actually copyrighted or is (indiscernible).

**THE COURT:** Thank you.

**MR. TANGRI:** Thank you.

**THE COURT:** Matter submitted?

**MR. WORCHESTER:** Your Honor, can I have five seconds on one point?

**THE COURT:** Five seconds.

No, just kidding. Go ahead.

**MR. WORCHESTER:** I would like Your Honor to take a look at the two cases just mentioned, and particularly *Experexchange*, because they are exactly the kinds of cases I mentioned that rely on a contractual restriction.

**THE COURT:** So give me the two citations first.

**MR. WORCHESTER:** *Experexchange, Inc. versus Doculex*, Inc., 2009 Westlaw 3837275, and I actually don't have the second citation handy.

**MR. TANGRI:** If I may interrupt counsel --

**THE COURT:** Certainly.

**MR. TANGRI:** -- just to provide that to the Court, Your Honor, 2008 Westlaw 11337642.

**MR. WORCHESTER:** And if Your Honor takes a look at

those cases, they're exactly what I was mentioning of cases where the contract merely restricted copying and didn't have the additional terms of use concerning how do you access.

Thank you, Your Honor.

**THE COURT:** Thank you.

Well, you've given me quite a bit to think about. I'm glad that I did post the tentative, because it focused everyone on the area that I was most concerned about and needed the most argument. So thank you. I can't promise you as with the previous one, that seven to 14 days is when you'll get your order, but I'll make every effort to make that happen.

So I appreciate each of you. Thank you.

**MR. WORCHESTER:** Thank you, Your Honor.

**MR. TANGRI:** Thank you very much, Your Honor.

(Proceedings concluded at 3:18 p.m.)

**---o0o---**

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Wednesday, April 1, 2026

Stephen W. Franklin, RMR, CRR
Official Reporter, U.S. District Court